L. Quintana, Esq. (SBN 157291)
Gerald E. Sarte (SBN 177639)
Quintana McConnin & Sarte LLP
450 B Street Suite 1430
San Diego, CA 92101
Telephone: 619.231.6655
Facsimile: 619.243.0080

Attorneys for Plaintiff
Minerva C. Suarez

FILED
2008 AUG 29 PM 1:01
CLERK, US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

UNITED STATES COURT
SOUTHERN DISTRICT OF CALIFORNIA

Minerva C. Suarez,
                    Plaintiff,

     v.

CountryWide Home Loans; Vineyard Mortgage; America's Wholesale Lender; and all other claimants of whatsoever kind and character against real property commonly known as 28709 Canyon Road; Valley Center, CA 92082; and DOES 1 through 100 inclusive,
                    Defendants.

Case No.: '08 CV 1591 DMS CAB

COMPLAINT FOR
1. VIOLATION OF RESPA 12 U.S.C. §2605 *et seq.*;
2. VIOLATION OF TRUTH IN LENDING ACT 15 U.S.C. §1601 *et seq.*;
3. VIOLATION OF CALIFORNIA CIVIL CODE §1632 *et seq.*;
4. NEGLIGENT MISREPRESENTATION;
5. RESCISSION;
6. UNJUST ENRICHMENT

DEMAND FOR JURY TRIAL

///
///
///

-1-
COMPLAINT

**THE PARTIES**

1. Plaintiff Minerva C. Suarez (hereinafter "Plaintiff") is and at all times mentioned herein was an individual, residing in the County of San Diego. Plaintiff is the owner of certain real property commonly known as 28709 Canyon Road; Valley Center, CA 92082, County of San Diego (hereinafter "Subject Property").

2. Defendant CountryWide Home Loans (hereinafter "CWHL" or "Originating Lender") is an entity, form unknown, with a principal place of business to be determined in discovery. CWHL is, and at all times mentioned was, doing business in the State of California and in the County of San Diego.

3. Defendant Vineyard Mortgage (hereinafter VINEYARD" or "Broker") is an entity, form unknown, with a principal place of business to be determined in discovery. VINEYARD is, and at all times mentioned was, doing business in the State of California and in the County of San Diego.

4. Defendant America's Wholesale Lender (hereinafter "AWL" or "Servicer" is an entity, form unknown, with a principal place of business to be determined in discovery. AWL is, and at all times mentioned was, doing business in the State of California and in the County of San Diego.

5. This action pertains to an alleged note, loan and security interest originated by Broker and CountryWide Home Loans known as loan # 166076488/166076496 (hereinafter the "LOAN").

6. Plaintiff intends this action and this document to represent a formal federal complaint and also act as a "qualified written request." This Complaint contains Plaintiff's Name, CWHL account number, and demands in connection with the LOAN as to the originating lender and each subsequent servicer:

    a. that each lender, servicer, creditor or owner justify any legal right to service, own, be named "creditor" and provide proof that Defendants, and each of them in fact has ownership or other authority regarding the LOAN;

    b. that each lender, servicer, creditor or owner provide Plaintiff an opportunity

QMS Law
450 B St. #1430
San Diego, CA 92101

-1-
COMPLAINT

Copyright 2008 QMSLaw All Rights Reserved

to inspect all the original Notes and Deeds relating to the LOAN;

c. that each lender, servicer, creditor or owner state and prove that it did not violate RESPA regarding the LOAN, or admit that it violated RESPA;

d. that each lender, servicer, creditor or owner identify each and every transfer or sale to others of any rights in the LOAN, the Subject Property or the Note, along a copy of with each notice provided to the borrower of such transfer or sale;

e. that each lender, servicer, creditor or owner in possession of any truth-in-lending disclosure, settlement statement or HUD-1 provide a copy of the same to Plaintiff;

f. that each lender, servicer, creditor or owner provide a copy of any notice of cancellation rights, notice of rescission rights, or correspondence or written document discussing cancellation rights or rescission rights to Plaintiff

g. that each lender, servicer, creditor or owner provide a complete list of all telephone logs, communications logs, and correspondence logs, as well as all recordings, documents and digital versions of the subject matter of these logs to Plaintiff.

7. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. DOES 1-100 at all times relevant herein were employees, agents of Defendants and each of them. Plaintiff will designate each DOE Defendant and serve them with this Complaint when their true names and capacities have been ascertained. Plaintiff alleges that each of said Defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused or is responsible in some manner for the damages proximately caused hereby.

8. Plaintiff is informed and believes that at all times mentioned herein, that all of the Defendants acted in concert with the other Defendants named in this Complaint in the wrongful and improper activities alleged and, therefore, are responsible for the damages as

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\ReX\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\Complaint Fed RESPA TILA 1632 negl rescind Deed.doc]   -2-

COMPLAINT

alleged by Plaintiff. Plaintiff is further informed and believes that at all times mentioned herein each individual, employee and person named in this Complaint was the agent and/or employee of each of the remaining Defendants and/or Defendant Employers, and acted in concert for the purpose of injuring Plaintiff as alleged herein.

9. Plaintiff is further informed and believes that at all times mentioned herein each Defendant and individual named in this Complaint was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants. Plaintiff is informed and believes that at all times mentioned herein, that all Defendants are liable for the actions of each of the individuals mentioned herein.

10. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, the Defendants have pursued a common course of conduct, acted in concert with, and conspired with, each other, and have aided and abetted one another to accomplish the wrongs complained herein.

## JURY TRIAL DEMANDED

Plaintiff complains against Defendants herein and demands a trial by jury on all issues.

## JURISDICTION AND VENUE

11. This court has jurisdiction pursuant to 28 U.S.C. 1331 under the following statutes: the Truth-in-Lending Act, 15 U.S.C. 1601 *et seq.* and RESPA 12 U.S.C. §2605 and 12 U.S.C. §2601 *et seq.*

12. In addition, this court has supplemental jurisdiction over all state claims alleged herein pursuant to 28 U.S.C. §1367.

13. Venue in this district is proper pursuant to 28 U.S.C §1391(b) because Plaintiff resides in this district, Defendants do business in this district, the Subject Property is in this district, and all events in question took place in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

14. At the request of Broker, CWHL and others, Plaintiff obtained loans

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\ReX\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\Complaint Fed RESPA TILA 1632 negl rescind Deed.doc]    -3-

COMPLAINT

Copyright 2008 QMSLaw All Rights Reserved

#166076488/166076496 (the "LOAN") from CWHL on or about 3/29/2007.

15. Plaintiff is informed and believes that the wrongful acts of Defendants include violations of federal and state law before the initiation of the LOAN as well as during the servicing period of the LOAN.

   a. Prior to the funding of the Loan, VINEYARD and/or CWHL represented to Plaintiff that very favorable loans, loan terms and interest rates were available to him.

   b. As a result, Broker,CWHL and others convinced Plaintiff to purchase the Subject Property and to take out on a loan for that purpose with CWHL, the LOAN.

   c. Plaintiff is further informed and believes that VINEYARD, CWHL and Defendants, in order to procure this loan, falsified loan documents including but not limited to loan applications, and loan application forms including computer entry forms, all unknown to Plaintiff.

   d. Plaintiff is further informed and believes that VINEYARD, CWHL and Defendants knew or intended that Plaintiff receive a worse loan, and that the worse loan produced a higher commission for them because it was at a higher interest rate and subject to higher fees.

   e. Plaintiff is further informed and believes that VINEYARD, CWHL and Defendants knew or should have known that in the event of Plaintiff's inability to perform on the LOAN, prepayment penalties, commissions and other foreseeable charges to Plaintiff would constitute an additional payment stream to the benefit of Defendants.

16. Although VINEYARD, CWHL, and other persons made certain representations regarding the LOAN, in actuality, the LOAN was not as represented because among other things:

   a. It was at a higher interest rate than what was represented.

   b. The payments were higher than the payment as represented to and agreed

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\ReX\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\Complaint Fed RESPA TILA 1632 negl rescind Deed.doc]   -4-

COMPLAINT

Copyright 2008 QMSLaw. All Rights Reserved

upon by Plaintiff.

    c. There was less equity in the Subject Property than represented.

    d. There was less money available to Plaintiff than represented.

    e. The loan subsequently became unaffordable for Plaintiff.

    f. Plaintiff was accordingly put into a mortgage all without Plaintiff's informed consent.

17. Plaintiff is in formed and believes that Defendants failed to provide Plaintiff with the proper disclosures required under federal and state law:

    a. Defendants did not provide to Plaintiff a proper notice of right to cancel at the time of the transaction;

    b. Defendants did not provide to Plaintiff accurate disclosures of the costs of financing, the APR, the payment obligations, or the type of loan at the time of the transaction;

    c. Defendants did not provide to Plaintiff a proper notice of right to cancel subsequent to the time of the transaction;

    d. Defendants did not provide to Plaintiff accurate disclosures of the costs of financing, the APR, the payment obligations, or the type of loan subsequent to the time of the transaction.

18. Plaintiff is informed and believes that the LOAN and related contracts contain conflicting terms that are not reasonably amenable to understanding by a consumer, possibly including but not limited to the Note, Addenda, Trust Deed, Rider(s), TILA, Estimated Settlement Statement(s), Final Settlement Statement(s), Escrow Instruction(s), all containing complicated and in many cases contradictory terms.

19. Plaintiff relied on the representations of VINEYARD, CWHL, Defendants and others as alleged herein because Plaintiff reasonably believed that Defendants are licensed banks, real estate agencies, brokers and/or mortgage companies, and are fiduciaries of Plaintiff, owing Plaintiff duties of utmost care, loyalty, professionalism and to conduct all real estate transactions herein without violating any of the fiduciary duties owed to Plaintiff.

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\ReX\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\Complaint Fed RESPA TILA 1632 negl rescind Deed.doc]   -5-

COMPLAINT

Copyright 2008 QMSLaw All Rights Reserved

20.  VINEYARD, CWHL, Defendants and other persons breached their fiduciary obligations owed to Plaintiff, were negligent, made negligent misrepresentations, intentional misrepresentations, breached their contract with Plaintiff, were professionally negligent and caused Plaintiff damages.

21.  Plaintiff is informed and believes that Defendants AWL and other Defendants purchased or otherwise acquired unknown rights and/or responsibilities relating to Plaintiff's LOAN from CWHL at some date unknown to Plaintiff. All such rights and responsibilities depend on the rights of CWHL and are meaningless and unenforceable if the rights of CWHL are unenforceable.

22.  As a proximate result of the conduct of Defendants as herein alleged, the Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, attorney fees and costs, and other damages to be determined at trial. As a proximate result of Defendants' breach of duty and all other actions as alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment, and mental and physical pain and anguish, all to Plaintiff damage in an amount to be established at trial.

23.  Each Defendant herein is responsible for the acts of other Defendants and their predecessors based on the doctrine of *respondeat superior*. Further, each Defendant herein is responsible for the acts of other Defendants because each Defendant negligently supervised the other Defendants and is therefore directly responsible for the acts of the other Defendants.

24.  All Defendants are agents, employees and other fiduciaries of each other as set forth within. Each of the wrongful acts by Defendants against Plaintiff set forth within were done within the scope of employment. Defendants were acting as agents and employees and in the transaction of the business of the employment or agency when performing their wrongful actions. Defendants are therefore directly, jointly and severally liable to Plaintiff for the actions of VINEYARD, CWHL, AWL, the employees of said parties, and all other Defendants as set forth within.

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\ReX\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\Complaint Fed RESPA TILA 1632 negl rescind Deed.doc]   -6-

COMPLAINT

25. The aforementioned conduct of Defendants was an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention on the part of the Defendants of thereby depriving the Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected the Plaintiff to a cruel and unjust hardship in conscious disregard of the Plaintiff's rights, so as to justify an award of exemplary and punitive damages, as well as attorney fees and costs.

## FIRST CAUSE OF ACTION

## VIOLATION OF RESPA 12 U.S.C. §2605

26. Plaintiff hereby incorporates by reference, repleads and realleges each and every allegation contained in all the paragraphs of the General Allegations and Facts Common to All Causes of Action as though the same were set forth at length herein.

27. Defendants VINEYARD, CWHL, AWL and other Defendants failed to adequately respond to Plaintiff's requests for information regarding the loan and for an opportunity to work out the loan conducted over the period of several months.

28. As a proximate result of the negligent conduct of Defendants and their failures as herein alleged, the Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, and other damages to be determined at trial. As a proximate result of Defendants' breach of duty and all other actions as alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment, and mental and physical pain and anguish, all to Plaintiff's damage in an amount to be established at trial. Plaintiff seeks to recover all possible damages Plaintiff is entitled to recover pursuant to RESPA, including statutory and punitive damages if possible.

## SECOND CAUSE OF ACTION

## VIOLATION OF TRUTH IN LENDING ACT 15 U.S.C. §1601 *et seq*

29. Plaintiff hereby incorporates by reference, repleads and realleges each and every allegation contained in all of the paragraphs of the General Allegations and Facts Common to All Causes of Action as though the same were set forth herein.

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\ReX\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\Complaint Fed RESPA TILA 1632 negl rescind Deed.doc]   -7-

COMPLAINT

Copyright 2008 QMSLaw All Rights Reserved

30. This consumer credit transaction was subject to the Plaintiff's right of rescission as described by 15 U.S.C. § 1635(a) and Regulation Z § 226.23 (12 C.F.R. § 226.23).

31. More particularly, the same Defendants violated 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b) with regards to the purported Notice of Right to Cancel. As a consequence of this action, the Notice of Right to Cancel documentation furnished to Plaintiff to failed to:

   a. Correctly identify the transaction.
   b. Clearly and conspicuously disclose the Plaintiff's right to rescind the transaction three days after delivery of all required disclosures.
   c. Clearly and conspicuously disclose how to exercise the right to rescind the transaction, with a form for that purpose.
   d. Clearly and conspicuously disclose the effects of rescission.
   e. Clearly and conspicuously disclose the date the rescission period expired.

32. Plaintiff is informed and believes that Defendant's violation of the provisions of law rendered the credit transaction null and void, invalidates Defendant's claimed interest in the Subject Property, and entitles Plaintiff to damages as proven at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CIVIL CODE §1632 *et seq.*;

33. Plaintiff hereby incorporates by reference, repleads and realleges each and every allegation contained in each and every paragraph of the General Allegations and Facts Common to All Causes of Action and the First Cause of Action as though the same were set forth at length herein.

34. Plaintiff is a native Spanish speaker and the negotiations and transaction were conducted primarily in Spanish; however, no contract documents or disclosures were delivered to Plaintiff prior to the transaction in Spanish, in violation of California Civil Code §1632 *et seq.*.

35. As a proximate result of the breach, Plaintiff was not aware of the terms of the

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\ReX\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\Complaint Fed RESPA TILA 1632 negl rescind Deed.doc]    -8-

COMPLAINT

Copyright 2008 QMSLaw All Rights Reserved

contract and Plaintiff is entitled to recover proximately caused damages and rescind the LOAN.

## FOURTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

36.     Plaintiff hereby incorporates by reference, repleads and realleges each and every allegation contained in each and every paragraph of the General Allegations and Facts Common to All Causes of Action and the First Cause of Action as though the same were set forth at length herein.

37.     If any Defendants' misrepresentations made herein were not intentional, said misrepresentations were negligent. When the Defendants made the representations alleged herein, he/she/it had no reasonable ground for believing them to be true.

38.     Defendants made these representations with the intention of inducing Plaintiff to act in reliance on these representations in the manner hereafter alleged, or with the expectation that Plaintiff would so act.

39.     As a proximate result of the negligent misrepresentations of Defendants as herein alleged, the Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, attorney fees and costs, and other damages to be determined at trial. As a proximate result of Defendants' breach of duty and all other actions as alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment, and mental and physical pain and anguish, all to Plaintiff's damage in an amount to be established at trial.

## FIFTH CAUSE OF ACTION

## RESCISSION

40.     Plaintiff hereby incorporates by reference, repleads and realleges each and every allegation contained in each and every paragraph of the General Allegations and Facts Common to All Causes of Action and the First Cause of Action as though the same were set forth at length herein

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\ReX\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\Complaint Fed RESPA TILA 1632 negl rescind Deed.doc]    -9-

Copyright 2008 QMSLaw All Rights Reserved

41. Plaintiff is informed and believes that Defendants do not have and cannot produce an original deed and an original note relating to the LOAN.

42. The Plaintiffs had a continuing right to rescind the transaction until the third business day after receiving both a proper and accurate cancellation rights notice and all "material" disclosures described in the preceding paragraph, pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3), up to three years after consummation of the transaction.

43. Based on the violations of the defendants of 15 U.S.C. § 1635, Plaintiff suffered actual damages in an amount exceeding the jurisdictional minimum of this Court and to be determined at trial in the form of prepaid interest and charges delivered to VINEYARD and additional damages in the form of payments, interest, fees, and charges paid by Plaintiff on the LOAN. Plaintiff is entitled to additional relief under 15 U.S.C. § 1640 pursuant to 15 U.S.C. § 1635(g).

44. As a proximate result of the conduct of Defendants as herein alleged, the Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, attorney fees and costs, and other damages to be determined at trial. As a proximate result of Defendants' breach of duty and all other actions as alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment, and mental and physical pain and anguish, all to Plaintiff's damage in an amount to be established at trial.

## SIXTH CAUSE OF ACTION
## UNJUST ENRICHMENT

45. Plaintiff hereby incorporates by reference, repleads and realleges each and every allegation contained in each and every paragraph of the General Allegations and Facts Common to All Causes of Action and the First Cause of Action as though the same were set forth at length herein.

46. By their misrepresentations, omissions and other wrongful acts alleged heretofore, Defendants, and each of them, were unjustly enriched at the expense of

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\ReX\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\Complaint Fed RESPA TILA 1632 negl rescind Deed.doc]    -10-

COMPLAINT

Copyright 2008 QMSLaw All Rights Reserved

Plaintiff, and Plaintiff was unjustly deprived, and is entitled to restitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them in the alternative as follows:

A.   IF THIS COURT determines that Defendants violated TILA at the inception, then Plaintiff requests that this Court find that the alleged Note and Lien are invalid and order as follows:

1. For immediate cease and desist order enjoining all Defendants, and each of them, their agents, servants, heirs, dba's, fka's, corporate affiliates, subsidiaries, employees, and all persons or entities acting under, in concert with, on their behalf in any capacity from selling or conveying or attempting to sell or convey any interest whatsoever that Plaintiff may have in the real property commonly known as 28709 Canyon Road; Valley Center, CA 92082 or relating to the LOAN.

2. For preliminary injunction and permanent injunction, enjoining all Defendants, and each of them, their agents, servants, heirs, dba's, fka's, corporate affiliates, subsidiaries, employees, and all persons or entities acting under, in concert with, on their behalf in any capacity from selling or conveying or attempting to sell or convey any interest whatsoever that Plaintiff may have in the real property commonly known as 28709 Canyon Road; Valley Center, CA 92082, relating to the LOAN, which is presently unknown to Plaintiff;

3. That the deed of trust securing the Subject Property and securing the LOAN, be rescinded and Plaintiff's Deed of Trust immediately restored to Plaintiff;

4. That Plaintiff's credit standing be fully restored in relation to the LOAN;

5. That any and all Notice of Intent to Foreclose issued by any Defendants or agents of Defendants relating to 28709 Canyon Road; Valley Center, CA 92082 be rescinded;

6. That title to the property commonly known as 28709 Canyon Road; Valley

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\ReX\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\Complaint Fed RESPA TILA 1632 negl rescind Deed.doc]   -11-
COMPLAINT

Copyright 2008 QMSLaw All Rights Reserved

|   |   |   |
|---|---|---|
| 1 |   | Center, CA  92082, be restored to Plaintiff in the name of "Minerva C. |
| 2 |   | Suarez"; |
| 3 | 7. | That the LOAN be forgiven in its entirety; |
| 4 | B. | IF THIS COURT determines that Plaintiff has properly rescinded this loan, then |
| 5 | Plaintiff requests that this Court order: | |
| 6 | 8. | That Plaintiff's credit standing be fully restored in relation to the LOAN; |
| 7 | 9. | That any and all Notice of Intent to Foreclose issued by any Defendants or |
| 8 |   | agents of Defendants relating to 28709 Canyon Road; Valley Center, CA |
| 9 |   | 92082 be rescinded; |
| 10 | 10. | That Defendants provides an accounting of all amounts charged to Plaintiff or |
| 11 |   | paid by Plaintiff relating to the LOAN, |
| 12 | 11. | That Defendants promptly pay said amounts to Plaintiff; |
| 13 | 12. | That the LOAN and related note be forgiven in its entirety; |
| 14 | 13. | That Defendants receive and accept title to the Premises from Plaintiff. |
| 15 | C. | Under all alternatives, Plaintiff prays: |
| 16 | 14. | That this Court grant judgment in favor of Plaintiff against all Defendants; |
| 17 | 15. | For all damages and remedies Plaintiff is entitled to recover under RESPA; |
| 18 | 16. | For all damages and remedies Plaintiff is entitled to recover under TILA; |
| 19 | 17. | For judgment that Plaintiff is entitled to compensation of the full value of the |
| 20 |   | Subject Property estimated at $580,000; |
| 21 | 18. | For compensatory damages according to proof, including lost credit, lost |
| 22 |   | earnings and other employee benefits, medical expenses, emotional distress, |
| 23 |   | humiliation, mental anguish, and other compensatory damages; |
| 24 | 19. | For general damages according to proof; |
| 25 | 20. | For special damages according to proof; |
| 26 | 21. | For interest on damages according to proof; |
| 27 | 22. | For prejudgment interest on such damages as provided by law; |
| 28 | 23. | For attorney fees incurred by Plaintiff; |

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\ReX\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\Complaint Fed RESPA TILA 1632 negl rescind Deed.doc]

-12-

COMPLAINT

Copyright 2008 QMSLaw All Rights Reserved

24. For costs of suit incurred by Plaintiff; and

25. For such other and further relief as the court deems proper.

Dated: August 29, 2008

Respectfully submitted,
Quintana McConnin & Sarte LLP

By J. L. Quintana, Esq.
Attorney for Plaintiff
Minerva C. Suarez

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\ReX\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\Complaint Fed RESPA TILA 1632 negl rescind Deed.doc]   -13-

COMPLAINT

```
          UNITED STATES
          DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
            SAN DIEGO DIVISION

          # 154566     - MB

          August 29, 2008
             13:03:15


         Civ Fil Non-Pris
USAO #.: 08CV1591 CIVIL FILING
Judge..: DANA M SABRAW
Amount.:              $350.00 CK
Check#.: BC1120



       Total->   $350.00



FROM: MINERVA C SUAREZ VS
      COUNTRYWIDE HOME LOANS, ET AL
```

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
MINERVA C. SUAREZ

**DEFENDANTS**
Countrywide Home Loans, Vineyard Mortgage; DOES and others

FILED
2008 AUG 29 PM 1:01

(b) County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY _____ DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
Quintana, McConnin & Sarte, LLP   Tel: 619.231.6655
450 B Street Suite 1430, San Diego, CA 92101

Attorneys (If Known)

'08 CV 1591 DMS CAB

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☒ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1601, 12 USC 2605
Brief description of cause:
Consumer mortgage-related RESPA and TILA violations

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 580,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____   DOCKET NUMBER _____

DATE 8/29/08
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 545166   AMOUNT $350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____
08/29/08 MB